IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 8, 2009 Session

## SHARON M. KEISLING v. DANIEL KERRY KEISLING, ET AL.

Appeal from the Circuit Court for Wilson County
No. 1644    Jon Kerry Blackwood, Sr. Judge

No. M2009-01025-COA-R3-CV - Filed August 26, 2010

This matter was remanded to the trial court for the sole purpose of determining the amount of attorneys' fees to be awarded for a frivolous appeal. Appellant challenges only the award itself and not the amount decided by the trial court. The party awarded the fees argued that the trial court erred in the amount awarded. Finding no error, the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed**

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Sharon M. Keisling, Mount Juliet, Tennessee, Pro Se.

Gloria Jean Evins, Lebanon, Tennessee, Guardian Ad Litem, Pro Se.

## OPINION

This appeal arises from the trial court's findings about the amount of attorneys' fees awarded a guardian ad litem for defending a frivolous appeal.

As the trial court found in its April 27, 2009 order, this litigation concerning divorce and custody has a long and exhausting history. This case has been before the appellate court three times in *Keisling v. Keisling*, 92 S.W.3d 374 (Tenn. 2002) (*Keisling I*), *Keisling v. Keisling*, 196 S.W.3d 703 (Tenn. Ct. App. 2005) (*"Keisling II"*) and *Keisling v. Keisling*, M2007-01102-COA-R3-CV, 2008 WL 1923105 (Tenn. Ct. App. May 1, 2008) (*"Keisling III"*).

A history of the dispute between the parties can be found in *Keisling I* and in the appellate court's 29 page opinion in *Keisling II*. This current appeal springs from the remand after *Keisling III*.

In *Keisling III*, Sharon Keisling appealed the fee of $7,500 awarded to the guardian ad litem, Gloria Evins. In that appeal, Ms. Keisling failed to file a transcript of the evidence or a statement of the evidence of the hearing wherein the guardian ad litem was awarded the fee. *Keisling III*, 2008 WL 1923105, at *1. Absent such a record, the Court of Appeals found that it must conclude that the trial court was correct. *Keisling III*, 2008 WL 1923105, at *3. The *Keisling III* court affirmed the $7,500 fee and, having determined the appeal to be frivolous, remanded the case to the trial court to determine the amount of attorneys' fees to be awarded Ms. Evins resulting from the frivolous appeal. The specific finding of the court of appeals is as follows:

> The judgment of the trial court awarding the Guardian ad Litem a fee of $7,500 is affirmed. We have determined this appeal to be frivolous and this case is remanded to the trial court to determine reasonable and appropriate attorney's fees. Costs of this appeal are taxed to the Appellant, Sharon M. Keisling, for which execution may issue if necessary.

*Keisling III*, 2008 WL 1923105, at *3.

On remand, the matter was heard by the trial court in April of 2009, to determine the amount of attorneys' fees to be awarded to Ms. Evins resulting from Ms. Keisling's frivolous appeal in *Keisling III*. Ms. Evins filed an affidavit that stated her hourly fee is $175 and that she spent 61.25 hours on the *Keisling III* appeal resulting in a requested total fee of $10,869.08. Ms. Evins also requested post judgment interest on the guardian ad litem fee of $7,500 fee previously affirmed.

In its order of April 17, 2009, the trial court found the hourly fee of $175 to be reasonable but the time devoted to the appeal of *Keisling III* by Ms. Evins to be excessive. As a result, the trial court awarded Ms. Evins $1,750 in attorneys' fees and post judgment interest on the guardian ad litem fee ($7,500) at 10%, but denied Ms. Evins' request to consider these awards to be child support. Both Ms. Keisling and Ms. Evins challenged the trial court's decision in this appeal.

Ms. Keisling appeals arguing that a self-represented guardian ad litem is not entitled to attorneys' fees and that Ms. Evins, who had been relieved as a guardian ad litem, committed a "fraud upon the court" when she signed briefs and motions to obtain her fee with that title. Ms. Evins, on the other hand, appeals claiming that the trial court erred by

reducing her fee and that it should have been designated as child support to avoid bankruptcy protection.

Ms. Keisling's first issue, whether a self-represented guardian ad item could recover attorneys' fees, was not before the trial court as the award of fees had already been ordered by the appellate in *Keisling III*. The sole issue before the trial court on remand was the amount of the fee and not whether Ms. Evins was entitled to it. Ms. Keisling does not take issue with the amount of the fee in this appeal. In any event, we cannot conclude that there is any basis for denying an attorney guardian ad litem fees under the circumstances herein.

Ms. Keisling also attempts to raise issues that were not before the trial court on the remand after *Keisling III* in an attempt to reopen previously decided issues. Ms. Keisling argues that any prior findings related to the guardian ad litem should be reexamined in light of the alleged fraud. Aside from numerous other reasons why Ms. Keisling would not be successful, we find Ms. Evins signing as a guardian ad litem is not a fraud on the court. Ms. Keisling also argues that purported misconduct by Ms. Evins precluded any award of attorneys' fees. Again, the only issue before the trial court was the amount of attorneys' fees attributable to the frivolous appeal in *Keisling III*. Consequently, we find that Ms. Keisling has not raised reversible error by the trial court.[1]

The guardian ad litem argues on appeal that the trial court erred in reducing the attorneys' fees requested. According to Ms. Evins, given the amount of work performed on this case as a whole and her inability to differentiate the time spent on its different aspects, the trial court erred in its attorneys' fee award for the frivolous appeal. Ms. Evins does not argue that the amount awarded by the trial court failed to reflect the attorneys' fees incurred in the frivolous appeal. Ms. Evins' argument seems to be that although she is unable to accurately account for the time spent on the appeal, since this entire case has been so time consuming, the attorneys' fees award should have been greater. The amount of the attorneys' fees award is affirmed.

The guardian ad litem also appeals the trial court's failure to characterize the award as child support. While such a designation might prevent its discharge in bankruptcy, the guardian ad litem failed to explain why the trial court erred or cite any authority for its position. As a consequence, the trial court's finding is affirmed.

---

[1]Ms. Keisling also requests that the trial court judge be recused on remand. Since there will be no remand, such a request is moot.

Finally, the guardian ad litem in her brief asks us to find Ms. Keisling's current appeal to be frivolous. During oral argument, this request was withdrawn in an effort by Ms. Evins to finally resolve all matters.

The trial court is affirmed. Costs of appeal are assessed to the appellant, Ms. Sharon Keisling, for which execution may issue if necessary.

_____
PATRICIA J. COTTRELL, P.J., M.S.